AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Northern District of Texas

**FILED**
**September 14, 2026**
KAREN MITCHELL
CLERK, U.S. DISTRICT COURT

United States of America
v.

ISIDRO TREJO-TREJO

*Defendant(s)*

Case No. 6:26-MJ-075-BU

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date of 09/02/26 in the county of Brown in the Northern District of Texas, the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| Title 8, United States Code, Section 1326 | Illegal Re-entry into the United States of a Removed Alien |

This criminal complaint is based on these facts:

See attached affidavit.

☑ Continued on the attached sheet.

Jordan Magee, AUSA

*Complainant's signature*

U.S. HSI Special Agent Jerry Garnett

*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 3.

Date: September 14, 2026

*Judge's signature*

City and state: Abilene, Texas

John R. Parker, United States Magistrate Judge

*Printed name and title*

# AFFIDAVIT IN SUPPORT OF COMPLAINT

I, Jerry L. Garnett, being duly sworn under oath, do hereby depose and state:

1. I am a Special Agent (SA) with the Department of Homeland Security (DHS), Immigration and Customs Enforcement (ICE), Homeland Security Investigations (HSI) and have been employed since January 11, 2026. I was previously employed as a Border Patrol Agent with the United States Border Patrol (USBP) from July 9, 1995, to May 10, 1997. I transferred to become a Deportation Officer with the Immigration and Naturalization Service (INS) from May 11, 1997, to September 13, 1997. I then transferred to INS Investigations as a Special Agent from September 14, 1997, to March 8, 2003. On March 9, 2003, the Department of Homeland Security was created, and INS Investigations was transitioned to DHS ICE Office of Investigations, later rebranded to HSI. I remained a Special Agent and Supervisory Special Agent with HSI until my retirement from service on May 21, 2021. I am currently assigned to the HSI Resident Agent in Charge office in San Angelo, Texas.

## Title 8, United States Code, Section 1326(a)

2. As a result of my training and experience, I am familiar with federal immigration laws, including 8 USC § 1326(a), which makes it unlawful to illegally re-enter the United States after deportation or removal. There are four elements to this offense: (1) That the defendant was an alien at the time alleged in the indictment; (2) That the defendant had previously been deported, denied admission, excluded, or removed from the United States; (3) That thereafter the defendant knowingly entered, attempted to enter, or was found in the United States; and (4) That the defendant had not received the

consent of the Secretary of the Department of Homeland Security or the Attorney General of the United States to apply for readmission to the United States since the time of the defendant's previous deportation. An "alien" is any person who is not a citizen or national of the United States. 8 USC 1101(a)(3).

**Facts Establishing Probable Cause**

3. On or about September 1, 2026, Isidro TREJO-Trejo was encountered on a traffic stop for speeding by the Early Police Department (EPD) in Early, Texas. Early, Texas is in the San Angelo Division of the Northern District of Texas. EPD officers contacted Enforcement and Removal Operations (ERO) deportation officers who conducted immigration checks and verified that TREJO-Trejo was an alien with no authorization to be or remain in the United States. TREJO-Trejo was booked into the Brown County Jail on an immigration detainer.

4. On September 2, 2026, ERO San Angelo officers took custody of TREJO-Trejo and transported him to the ERO San Angelo office for processing. Immigration records revealed that TREJO-Trejo is a citizen and national of Mexico with no authorization to be or remain in the United States and has been removed from the United States on multiple occasions. Most recently, TREJO-Trejo was removed from the United States to Mexico by foot at Del Rio, Texas, on February 22, 2019, pursuant to a Notice of Intent/Decision to Reinstate Prior Order issued on February 19, 2019.

5. TREJO-Trejo was originally ordered removed to Mexico pursuant to an Order of the Immigration Judge on September 8, 2009, in Atlanta, Georgia.

6. Immigration records for TREJO-Trejo showed that he had not received the

consent of the Secretary of the Department of Homeland Security or the Attorney General of the United States to apply for readmission to the United States since the time of his previous removal.

Jerry L. Garnett
Special Agent

Pursuant to Federal Rules of Criminal Procedure 4.1 and 41(d)(3), the undersigned judicial officer has on this date considered the information communicated by reliable electronic means in considering whether a complaint, warrant, or summons will issue. In doing so, I have placed the affiant under oath, and the affiant has confirmed that the signatures on the complaint, warrant, or summons and affidavit are those of the affiant, that the document received by me is a correct and complete copy of the document submitted by the affiant, and that the information contained in the complaint, warrant, or summons and affidavit is true and correct to the best of the affiant's knowledge.

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone this 14th day of September, 2026.

JOHN R. PARKER
UNITED STATES MAGISTRATE JUDGE